# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **SHAZAE BESSARD, on Behalf of Herself and on Behalf of All Others Similarly Situated,** § § § § | |
| Plaintiff, § | |
| § | **CIVIL ACTION NO. 4:18-cv-3846** |
| V. § | **JURY TRIAL DEMANDED** |
| § | |
| **DOORDASH, INC.,** § | |
| § | |
| Defendant. § § § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Defendant, DOORDASH, INC. (referred to hereinafter as "Defendant" and/or "DOORDASH"), misclassifies Plaintiff and its other delivery drivers (a/k/a "Dashers") as "independent contractors" rather than "employees" and fails to pay them for all hours worked. It also fails to pay appropriate overtime wages when Dashers work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. In addition, Defendant has required Plaintiff and its other Dashers to pay business expenses (including expenses incurred to own/lease a vehicle, maintain it, and fuel it) causing Plaintiff to be paid less than the statutory minimum and overtime wage required by Sections 206 and 207 of the FLSA. As a result, Defendant violates the minimum and overtime wage provisions of the FLSA.

2. Plaintiff, Shazae Bessard, and the similarly situated employees she seeks to represent,

are current and former employees of DOORDASH, INC who worked as "Dashers" (i.e. drivers) during any work week within the last three years (hereinafter referred to as the "Class Members").

3. Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of herself and all other similarly situated Dashers.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards, Act, 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of Texas – Houston Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

6. Plaintiff, Shazae Bessard, lives in the Southern District of Texas. Plaintiff is currently employed by Defendant as a Dasher and has worked there since August 2016. Her written consent is attached hereto as Exhibit 1.

7. The class of similarly situated employees consists of all delivery drivers (i.e. "Dashers") who worked for Defendant within the last three years (hereinafter referred to as the "Class Members").

8. Doordash, Inc. is a Delaware corporation that is licensed to do business (and is doing business) in the State of Texas. Doordash, Inc. may be served through its registered agent, Registered Agent Solutions, Inc., 2138 Silas Deane Hwy. Suite 101, Rocky Hill, CT 06067.

## FLSA COVERAGE

9. At all times relevant to this dispute, Defendant has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

10. At all times relevant to this dispute, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

11. At all times relevant to this dispute, Defendant has had annual gross sales in excess of $500,000.

12. At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## THE FACTS

13. DOORDASH is a food delivery service which provides home and office food delivery to its customers.

14. Plaintiff was hired to work as a delivery driver/Dasher for Defendant.

15. DOORDASH does not pay Plaintiff or its other Dashers an hourly wage or a salary; rather, Plaintiff receives the "delivery fee" that is paid by DOORDASH'S customers, as well as any gratuity that the customer pays to the Dasher. DOORDASH, not Plaintiff or the other Dashers, determines the "delivery fee."

16. While DOORDASH classifies Plaintiff as an "independent contractor," Plaintiff is truly an "employee" pursuant to the economic realities test.

17. For instance, PLAINTIFF does not determine the amount she will charge

DOORDASH for her services; rather, DOORDASH decides how much of a "delivery fee" its customers will pay and simply passes that charge on to the Plaintiff as her sole compensation.

18. DOORDASH provides Plaintiff and its other Dashers with the customers for whom the delivery services are to be performed.

19. DOORDASH requires Plaintiff and its other Dashers to comply with certain rules, regulations, policies and procedures in order to work for them. A Dasher who fails to comply with said policies is subject to reprimand and/or termination.

20. Plaintiff and the other Dashers all perform delivery services within DOORDASH'S usual course of business as a food delivery service. Without delivery drivers/Dashers, DOORDASH would not exist.

21. DOORDASH unilaterally sets the pay scheme and rate of pay for Plaintiff and its other Dashers. This rate of pay is not negotiated by and among DOORDASH and its Dashers.

22. DOORDASH has a single pay practice and/or policy that applies to Plaintiff and all of its other Dashers.

23. Pursuant to DOORDASH'S policy, it does not reimburse Plaintiff or any of its Dashers for the cost of owning/leasing a vehicle, nor the cost to fuel or maintain it.

24. Moreover, DOORDASH: (i) had the power to discipline and/or terminate Plaintiff and the Class Members, (ii) regularly supervised and controlled work conditions of employment for Plaintiff and Class Members, (iii) determined the rate and method of payment of wages, (iv) paid Plaintiff and Class Member wages and made deductions to her wages, and (v) maintained employment records of Plaintiff and Class Members.

25. As a Dasher, Plaintiff has occasionally worked more than forty (40) hours per

workweek. In none of those weeks, however, did DOORDASH pay Plaintiff overtime wages calculated at one and one-half times her regular rate of pay.

26.     Plaintiff was not a member of management. Neither she nor any other Class Member had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in their operations, plan and/or set Defendant's budget, enter into contracts on behalf of Defendant, or otherwise have operational control over Defendant's business operations and practices. Moreover, Plaintiff and the Dasher Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendant or their customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's businesses.

27.     Plaintiff and the Dasher Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

28.     Moreover, DOORDASH fails to reimburse Plaintiff and its other Dashers for the normal and customary business expenses incurred on DOORDASH'S behalf in connection with the delivery services they provide. These expenses include, but are not limited to, (i) Plaintiff's use of a personal vehicle (i.e. gasoline and maintenance), (ii) the cost of liability insurance, (iii) damage claims, (iv) parking and toll road charges incurred while picking up/dropping off deliveries; (v) the cost of a cell phone, and all other tools/equipment in order to do the work required of her. By failing to reimburse Plaintiff for these expenses, Plaintiff has often earned less than the statutory minimum and overtime wage required by Sections 206 and 207 of the FLSA during many workweeks.

**COLLECTIVE ACTION ALLEGATIONS**

29.     Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other persons employed by Defendant as a delivery service driver (i.e. Dasher) within three (3) years from the filing of this suit who, like Plaintiff, (i) have been misclassified as an "independent contractor;" (ii) who have not been compensated at least the full statutory minimum wage for all hours worked up to 40 each week; and/or (iii) who have not been compensated at least the full overtime rate of pay for all hours worked in excess of 40 each week.

30.     Defendant classifies and pays all of its Dashers in the manner described above. Defendant also fails to reimburse its other Dashers for the business expenses incurred in connection with the services they provide on behalf of DOORDASH. In this regard, Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

31.     Defendant's Dashers all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similarly situated to Plaintiff.

32.     Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

33.     Defendant possesses the names and addresses of all Class Members in their records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

"All of Defendant's current and former Dashers who worked for Defendant during any workweek between October 16, 2015 and up to the time notice of the lawsuit is provided."

## CAUSES OF ACTION

34. Plaintiff incorporates the allegations in the preceding paragraphs.

35. Defendant, DOORDASH, misclassified Plaintiff and the Class Members as independent contractors and failed to pay them appropriate minimum and overtime wages required by the FLSA for all hours worked.

36. Plaintiff and the Class Members were not paid the correct overtime rate of pay when they worked more than forty (40) hours in a workweek. Defendants' failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) year statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

37. Plaintiffs and the Class Members are entitled to minimum wages for all hours worked up to forty (40) in a workweek, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

38. Plaintiff hereby demands a trial by jury.

## PRAYER

Plaintiff respectfully requests that judgment be entered against DOORDASH, INC. awarding her and all similarly situated employees:

a. Minimum wages for all hours worked up to forty (40) per week;

b. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and a half times his regular rate of pay;

c. An equal amount as liquidated damages;

d. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

e. Such other and further relief as may be required by law.

Respectfully submitted,

By: */s/Robert R. Debes, Jr.*
Robert R. Debes, Jr.
State Bar No. 05626150
Todd Slobin
State Bar No. 24002953
Ricardo Prieto
State Bar of No. 24062947

**ATTORNEYS FOR PLAINTIFFS**

OF COUNSEL:
SHELLIST | LAZARZ|SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993